# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  20-A-2115

$198.00 COST PAID

Lalic, Milos

**PLAINTIFF**

VS.

Pemberton Truck Lines, Inc.
Lucas, Mark A.
Cherokee Insurance Company

**DEFENDANTS**

### SUMMONS

TO: PEMBERTON TRUCK LINES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Andy J Williams
**WILLIAMS ELLEBY**
**3450 Acworth Due West Rd**
**Suite 610**
**Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of July, 2020.**

Clerk of State Court

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1


**EXHIBIT**
**D-1**

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   20-A-2115

$198.00 COST PAID

Lalic, Milos

_____

**PLAINTIFF**

**VS.**

Pemberton Truck Lines, Inc.
Lucas, Mark A.
Cherokee Insurance Company

_____

**DEFENDANTS**

### SUMMONS

TO: LUCAS, MARK A.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Andy J Williams**
> **WILLIAMS ELLEBY**
> **3450 Acworth Due West Rd**
> **Suite 610**
> **Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of July, 2020.**

Clerk of State Court

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630                    Page 1 of 1
(770) 528-1220 Building B, First Floor-Civil Division

# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   20-A-2115

$198.00 COST PAID

Lalic, Milos

**PLAINTIFF**

**VS.**

Pemberton Truck Lines, Inc.
Lucas, Mark A.
Cherokee Insurance Company

**DEFENDANTS**

**SUMMONS**

TO: CHEROKEE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Andy J Williams**
> **WILLIAMS ELLEBY**
> **3450 Acworth Due West Rd**
> **Suite 610**
> **Kennesaw, Georgia 30144**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of July, 2020.**

Clerk of State Court

*Angie T. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630          Page 1 of 1
(770) 528-1220 Building B, First Floor-Civil Division

**⚡ EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 01, 2020 05:05 PM

*Angie T. Davis, Clerk of State Court
Cobb County, Georgia*

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                                )
                                            )
    Plaintiff,                          )
                                            )
v.                                          )    CIVIL ACTION FILE
                                            )    NO. _____
                                            )
PEMBERTON TRUCK LINES, INC.,                )
MARK A. LUCAS, and CHEROKEE                 )
INSURANCE COMPANY,                          )
                                            )
    Defendants.                         )

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and files this Complaint showing the

Court as follows:

1.

Plaintiff Milos Lalic is an adult citizen of the State of Georgia.

2.

Defendant Pemberton Truck Lines, Inc. (hereinafter referred to as "Defendant(s)" or

"Pemberton Truck Lines"), is a foreign corporation incorporated pursuant to the laws of the State

of Tennessee. Defendant Pemberton is subject to the jurisdiction of this Court pursuant O.C.G.A.

§ 9-10-91 and may be served upon its registered agent James Pemberton located at 2530 Mitchell

St, Knoxville, Tennessee 37917, which also serves as its principal place of business.

3.

Jurisdiction is proper as to Defendant Pemberton Truck Lines.

4.

Venue is proper as to Defendant Pemberton Truck Lines.

5.

Defendant Pemberton Truck Lines has been properly served with the Summons and Complaint in this action.

6.

Defendant Mark A. Lucas (hereinafter referred to as "Defendant(s)" or "Lucas") is an individual residing in Tennessee is subject to jurisdiction pursuant to O.C.G.A. § 9-10-91. Defendant Lucas may be served at his residence located at 143 Golfcrest Lane, Oak Ridge, Tennessee 37830.

7.

Jurisdiction is proper as to Defendant Lucas.

8.

Venue is proper as to Defendant Lucas.

9.

Defendant Lucas has been properly served with the Summons and Complaint in this action.

10.

At the time of the wreck, Defendant Cherokee Insurance Company (hereinafter referred to as "Defendant(s)" or "Cherokee Insurance"), provided at least one policy of liability insurance on behalf of Defendant Pemberton Truck Lines, a common carrier for hire, the same being policy of insurance number CA180013. Said policy was in effect on July 27, 2018. Defendant Cherokee Insurance Company is subject to suit by direct action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140. Defendant Cherokee Insurance is a foreign corporation incorporated pursuant to the laws of the State of Michigan. Defendant Cherokee Insurance is subject to the jurisdiction of this

- 2 -

Court pursuant to O.C.G.A. § 9-10-91 and may be served at its principal place of business located at 34200 Mound Road, Sterling Heights, Michigan 48310-6613 c/o Mark Dadabbo, President.

11.

Jurisdiction is proper as to Defendant Cherokee Insurance.

12.

Venue is proper as to Defendant Cherokee Insurance.

13.

Defendant Cherokee Insurance has been properly served with the Summons and Complaint in this action.

14.

On July 27, 2018, Defendant Lucas was driving Defendant Pemberton Truck Lines' tractor-trailer on Interstate 75 near Wade Green Road when he negligently rear-ended Plaintiff causing a collision.

15.

The subject collision occurred in Acworth, Cobb County, Georgia. Venue is proper pursuant to O.C.G.A. § 40-12-3.

16.

At the time of the collision, Defendant Lucas was operating a tractor trailer that was owned by Defendant Pemberton Truck Lines while in the course and scope of his employment with Defendant Pemberton Truck Lines.

- 3 -

17.

Defendant Lucas's negligence included, but is not limited to negligently traveling at an excessive speed under the circumstances, negligently failing to maintain his vehicle under proper control, negligently failing to keep a proper lookout, following too closely, and any other acts of negligence that may be proven at trial.

18.

At the time of the subject collision and all relevant times, Defendant Lucas was acting at the direction and under the control of Defendant Pemberton Truck Lines, was an agent and employee of Defendant Pemberton Truck Lines, operating Defendant Pemberton Truck Lines' vehicle in the course and scope of his employment with Defendant Pemberton Truck Lines, and with Defendant Pemberton Truck Lines' permission.  Defendant Pemberton Truck Lines is liable for the actions of Defendant Lucas under theories of *Respondeat Superior*, vicarious liability, and agency principles.

19.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

20.

Plaintiff was not in any way negligent and is totally free of any fault.

21.

Defendant Lucas' actions constituted negligence in operating the tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing, resulting in Defendant Lucas losing control of his tractor-trailer which caused the subject wreck.

- 4 -

22.

Defendant Lucas' actions constituted negligence in operating the tractor-trailer contrary to safe driving practices.

23.

All Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

24.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailer to said management, agents and employees, including Defendant Lucas.

25.

Defendant Pemberton Truck Lines was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

26.

Defendant Pemberton Truck Lines is an interstate motor carrier for hire.

- 5 -

27.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations which caused or contributed to the subject collision.

28.

Defendant Lucas' actions constituted negligence by engaging in a driving manner that was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and distress to Plaintiff.

29.

Defendant Cherokee Insurance is subject to a direct action as the insurer of one or more of its co-defendants pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

30.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Cherokee Insurance is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of its co-Defendants.

31.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence and recklessness of one or more Defendants.

32.

But for the negligence of one or more Defendants, Plaintiff would not have suffered physical injury, pain, mental and psychological suffering, inconvenience, and other injuries as proven at the trial of this matter.

33.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of one or more Defendants and one or more of said acts were the proximate causes of the injuries and damages sustained by the Plaintiff. Defendants are liable for Plaintiff's injuries sustained, pain and suffering, lost wages, diminished capacity to labor, cost of treatment, and all other elements of damages allowed under the laws of the State of Georgia. One or more Defendants are liable to Plaintiff directly, as well as under theories of respondent superior and agency principles.

34.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses for the treatment of his injuries in an amount likely exceeding $180,000.00.

35.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

   a) Personal injuries;

   b) Past, present, and future pain and suffering;

   c) Disability;

   d) Loss of the capacity for the enjoyment of life;

   e) Incidental expenses;

- 7 -

f) Loss of earning capacity;

g) Past, present, and future medical expenses exceeding $180,000.00;

h) Lost wages;

i) Permanent injuries; and

j) Consequential damages to be proven at trial.

36.

Plaintiff is entitled to an award of punitive damages from Defendants because the actions of the Defendants and/or their agents and employees showed lack of an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from the Defendants, in accordance with the enlightened conscious of an impartial jury.

37.

Plaintiff is entitled to request attorney's fees and the expenses of litigation in that the actions on the part of the Defendants as herein above described show that the Defendants have acted in bad faith in the transactions and dealings surrounding the herein above described incident and the Defendants, and/or the Defendants' agents have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that he has a trial by jury on all issues and for a judgment against the Defendants for the following:

a) Medical, doctor, and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for the past, present, and future;

b) All elements of pain and suffering, for the past, present, and future;

- 8 -

c) All past, present, and future lost wages;

d) All general, special, compensatory, incidental, consequential, and all other permissible damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

e) That a jury be impaneled to resolve all factual disputes; and

f) For all further losses and recovery as deemed proper by the Court.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 1st day of July, 2020.

**WILLIAMS ELLEBY**

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

**✦ EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 01, 2020 05:05 PM

*Angie T. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                                    )
                                                )
    Plaintiff,                              )
                                                )
v.                                              )        CIVIL ACTION FILE
                                                )        NO. _____
PEMBERTON TRUCK LINES, INC.,                    )
MARK A. LUCAS, and CHEROKEE                     )
INSURANCE COMPANY,                              )
                                                )
    Defendants.                             )

## PLAINTIFF'S FIRST REQUEST FOR **ADMISSIONS TO DEFENDANTS**

TO:    EACH DEFENDANT

    Pursuant to O.C.G.A. § 9-11-36, you are hereby required to Answer, in the form provided by law, the following Request for Admissions.  Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

1.

    You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

    You have been properly served as a party defendant.

3.

    Process is sufficient with regard to you in this case.

4.

    Service of process is sufficient with regard to you in this case.

5.

On July 27, 2018, Defendant Lucas was driving a tractor trailer on I-75 owned by Defendant Pemberton Truck Lines, Inc.

6.

At the time of the subject collision, Defendant Lucas was operating the tractor trailer at issue with Defendant Pemberton Truck Lines' permission.

7.

At the time of the subject collision, Defendant Lucas was in the course and scope of his employment with Defendant Pemberton Truck Lines.

8.

Defendant Pemberton Truck Lines is vicariously liable for Defendant Lucas' negligence, to the extent Defendant Lucas is found liable for Plaintiff's damages.

9.

At the time of the wreck, Defendant Pemberton Truck Lines, Inc. was a motor common carrier.

10.

Plaintiff was not contributorily negligent in the incident at issue.

11.

Plaintiff did nothing wrong with regard to the incident causing him injuries in this case.

12.

Defendant Cherokee Insurance Company was the insurer of Defendant Pemberton Truck Lines at the time of the subject incident, and provided a policy of liability insurance on behalf of Defendant Pemberton Truck Lines that was in effect on July 27, 2018.

2

13.

On July 27, 2018, Defendant Lucas was a permissive driver of the subject tractor-trailer under the terms of the insurance policy CA180013 issued by Defendant Cherokee Insurance Company.

14.

Defendant Cherokee Insurance Company is subject to a direct action as the insurer of one or more of its co-Defendants.

This 1st day of July, 2020.

**WILLIAMS ELLEBY**

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, GA 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

3

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 01, 2020 05:05 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                        )
                                    )
        Plaintiff,                  )
                                    )        CIVIL ACTION FILE
v.                                  )        NO. _____
                                    )
PEMBERTON TRUCK LINES, INC.,        )
MARK A. LUCAS, and CHEROKEE         )
INSURANCE COMPANY,                  )
                                    )
        Defendants.                 )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT PEMBERTON TRUCK LINES, INC.

TO: DEFENDANT PEMBERTON TRUCK LINES, INC.

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiff hereby requests Defendant respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Williams Elleby, 3450 Acworth Due West Road, Suite 610, Kennesaw, Georgia 30144.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or "place" or any reference to stating the "identity" of any "person" or "place" means to provide the name, home address, telephone number, business name, business address, and business telephone number, and a description of each such person's or place's connection with the events in question.

E. "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question

completely, the question should be answered as fully as possible.  When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G.  You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **INTERROGATORIES**

### 1.

Identify the persons or entities who owned or controlled the subject tractor and trailer at the time of this wreck.  If ownership or control changed at any time since said occurrence, please identify every subsequent person or entity.

### 2.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

### 3.

State whether Defendant Lucas was acting within the course and scope of his employment with Defendant Pemberton Truck Lines, Inc. at the time of the incident at issue.  If you claim he was not acting within the course and scope of his employment with Pemberton Truck Lines, please detail the basis of your denial and indicate who he was working for.

### 4.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

If the tractor and trailer involved in the subject incident belongs to or is owned by someone other than this Defendant, explain the circumstances under which the vehicle came into the possession of Defendant Lucas, the purpose for which the dump truck was being used, and its destination.

6.

State specifically and in detail when, where, how and why the subject wreck took place.

7.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

8.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

9.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a

summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i).  Please note that this interrogatory applies to <u>all</u> expert witnesses including all practitioners of the healing arts.

10.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

11.

Identify with specificity any motor vehicle accident or incident Defendant Lucas has been involved in as a driver, either <u>before</u> or <u>after</u> the incident that is the subject matter of this litigation, including the date, time, and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

12.

State the point of origin, the destination, the reason for the trip, what was being hauled, what the loaded vehicle weight was, and at whose request Defendant Lucas was driving the subject tractor-trailer at the time of the incident described in Plaintiff's Complaint, as well as any other stops on the day of the incident.

13.

If Defendant Lucas has ever been given a citation or warning for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the warning(s), citation(s) or reprimand(s) were issued and the disposition of each.

14.

Has Defendant Lucas ever had a driver's license suspended, canceled, revoked, or contain any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint? If yes, provide the details regarding the suspension, cancellation, revocation, or restrictions to said driver's license.

15.

State the factual basis for each defense that you assert in this action.

16.

Identify each and every negligent act or omission of Plaintiff you claim caused or contributed to the collision, including each witness. Identify each fact or document you rely on, as well as any violation of statute, regulation, law or rule.

17.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Lucas went to work and the times he quit work on that date, and on each of the previous seven (7) days.

18.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

19.

Identify all policies and procedures in effect to supervise and regulate drivers of Defendant Pemberton Truck Lines' vehicles to determine their ability to safely operate and maintain such vehicles.

20.

Did you make a determination as to whether this incident was preventable by or chargeable to anyone? If so, please state your determination and the reasons therefore.

21.

Do you know of any test(s), experiment(s), or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

22.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a) what each such item purports to show, illustrate or represent;

b) the date it was made or taken; and

c) the names and address of the person having custody of such item.

23.

Detail each and every arrangement or agreement between Defendant Pemberton Truck Lines and Defendant Lucas or any other individual or entity under which Defendant Lucas was performing services at the time of the subject incident.

24.

State the date and time of each and every inspection of Defendant Pemberton Truck Lines' tractor and trailer at issue prior to the subject incident.   For each inspection, detail how the inspection was performed, identify who was present, and the results of the inspection.

25.

State whether a pre-trip inspection was conducted on the subject tractor-trailer prior to the collision which forms the basis of Plaintiff's lawsuit.  If so, state the date and time of the inspection, identify all documents prepared during such inspection, the location of those documents, and identify all persons with knowledge of such inspection.

26.

Provide the present location of the tractor-trailer involved in this incident, state whether either have been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

27.

State whether Defendant Lucas received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

28.

Identify and describe any event or data recording devices on the subject tractor-trailer including any data or reports downloaded from such devices following this incident. This includes GPS, crash data recorders, governors, Qualcomm or similar messaging or tracking systems.

29.

State the names and addresses of the following officers and employees of this Defendant, as of the date of the subject wreck and at present:

(a) Safety and/or Compliance Director(s);

(b) Personnel Director;

(c) all persons who have investigated the subject collision or discussed the subject collision with Defendant Lucas, driver of the truck involved in this incident;

(d) all persons who have (at present) or had (at the time of the collision) direct supervisory or managerial responsibility for Defendant Lucas or the tractor-trailer he was operating and/or trip he was on;

(e) Person(s) responsible for the inspection, maintenance, and repair of the tractor and trailer at issue in this case;

(f) Person(s) responsible for training employees/drivers, including Defendant Lucas; and

(g) Person(s) responsible for hiring Defendant Lucas and authorizing him to drive for Defendant Pemberton Truck Lines.

30.

Describe the nature and scope of Defendant Pemberton Truck Lines' business operations, including whether Defendant Pemberton Truck Lines is an intrastate and/or interstate motor carrier; the identities of any business subsidiary, parent or related entities; and the geographic and

subject matter scope of its business operations. Include the DOT numbers or similar information for any registered carriers listed in response to this interrogatory.

31.

State whether or not there was any mechanical defect with the subject tractor-trailer at the time of the subject wreck. If so, please identify such defect and state whether and how you contend that this defect contributed to the cause of this wreck.

32.

Identify specifically any mobile communication devices onboard the tractor-trailer or in possession of Defendant Lucas on the date of the subject incident, including type of device, provider, account holder, phone number, purpose/functionality, and who provided or paid for each device.

33.

If you have ever been a Defendant in a lawsuit involving personal injuries, identify the person(s) involved, give the style and number of the case, the nature of the litigation, and the court before which the suit was filed.

34.

Was Defendant Lucas given a drug and/or alcohol test following the collision at issue? If so, identify the facility or agency that performed the testing, the results of such testing, and identify all documents generated therefrom.

35.

Did you perform an investigation regarding the incident referred to in the Complaint? If there was an investigation made of the incident that forms the basis of this suit, please state whether you conducted such investigation in anticipation of litigation, and if so, state each fact of which

you were aware of at the time of the investigation that caused you to believe that you were conducting the investigation in anticipation of litigation. Please state the date(s) of the investigation and identify all documents associated with said investigation.

36.

State whether Defendant Lucas is still employed by you. If he is not, please explain why he no longer works for you.

37.

Did the tractor-trailer involved in this case have a dash camera installed on the day of the incident? If so, please identify all steps taken by you to preserve the video footage from the incident involved in this case.

38.

Identify the persons who have attempted to survey or observe Plaintiff at any time after the collision forming the basis of Plaintiff's complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

39.

Is there any agreement between you and any other Defendant named in this lawsuit to cooperate, share information, documents, expenses or otherwise assist one another in the defense of this lawsuit?  If so, identify each such agreement, identify all parties to it, describe the terms of such agreement, and identify every document evidencing or referring to such agreement.

40.

Identify and describe any obligation (1) you may have to provide a defense to any other party to the Plaintiff's claims asserted in this lawsuit, and (2) any other person may have to provide you with a defense to the Plaintiff's claims asserted in this lawsuit, and give the following information for each:

    a.  Identify every person who claims to have knowledge of any of such obligation, and identify what each person identified claims to know.

    b.  Identify each document and thing that relates to such obligation.

41.

Is there any agreement that may impose an obligation on you to pay indemnity or contribution to any other person or that may impose an obligation on any other person to pay indemnity or contribution to you, as a result of the Plaintiff's claims asserted in this lawsuit? If so, give the following information:

    (a)    Identify each such agreement;

    (b)    Identify all parties to the agreement;

    (c)    State the terms of such agreement;

    (d)    Identify every person who claims to have knowledge of such agreement and what each person claims to know; and

    (e)    Identify every document evidencing or referring to such agreement.

42.

Identify any and all correspondence you have received in the previous five years from any governmental law enforcement authority or regulatory organization concerning safety issues, unsafe driving, citations, alleged and actual regulation violations, and inspections.

This 1st day of July, 2020.

WILLIAMS ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

**❦ EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 01, 2020 05:05 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MILOS LALIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| PEMBERTON TRUCK LINES, INC., | ) | |
| MARK A. LUCAS, and CHEROKEE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT MARK A. LUCAS

TO: DEFENDANT MARK A. LUCAS

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiff hereby requests Defendant respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Williams Elleby, 3450 Acworth Due West Road, Suite 610, Kennesaw, Georgia 30144.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or "place" or any reference to stating the "identity" of any "person" or "place" means to provide the name, home address, telephone number, business name, business address, and business telephone number, and a description of each such person's or place's connection with the events in question.

E. "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question

completely, the question should be answered as fully as possible.  When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G.  You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **INTERROGATORIES**

### 1.

Identify the persons or entities who owned or controlled the subject tractor and trailer at the time of this wreck.  If ownership or control changed at any time since said occurrence, please identify every subsequent person or entity.

### 2.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

### 3.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

### 4.

If the tractor and trailer involved in the subject incident belongs to or is owned by someone other than this Defendant, please identify the owners of the tractor-trailer at the time of the incident at issue in this case.

5.

Please identify the person(s) responsible for maintaining the tractor-trailer at issue in this case.

6.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

7.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

8.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

9.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each

person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

10.

Please identify all documents related to any and all inspections, maintenance, repairs, and replacements that have ever been performed on the subject tractor-trailer.

11.

State the make, year, weight and model of the tractor-trailer involved in the incident, and please identify all mechanical repairs or services to the tractor-trailer for three years preceding the wreck at issue in this case.

12.

State the factual basis for each defense that you assert in this action.

13.

Identify each and every negligent act or omission of Plaintiff you claim caused or contributed to the collision, including each witness. Identify each fact or document you rely on, as well as any violation of statute, regulation, law or rule.

14.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

15.

Did you make a determination as to whether this incident was preventable by or chargeable to anyone? If so, please state your determination and the reasons therefore.

16.

Do you know of any test(s), experiment(s), or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

17.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

    a)   what each such item purports to show, illustrate or represent;

    b)   the date it was made or taken; and

    c)   the names and address of the person having custody of such item.

18.

Detail each and every arrangement and agreement you had with any and all other persons and entities concerning the trip at issue in this case.

19.

State whether you are aware of any pre-trip inspection being conducted on the subject tractor-trailer prior to the incident which forms the basis of Plaintiff's lawsuit. If so, state the date

and time of the inspection, identify all documents prepared during such inspection, the location of those documents, and identify all persons with knowledge of such inspection.

20.

Provide the present location of the tractor-trailer involved in this incident, state whether either have been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

21.

Identify and describe any event or data recording devices on the subject tractor-trailer including any data or reports downloaded from such devices following this incident. This includes GPS, crash data recorders, governors, Qualcomm or similar messaging or tracking systems.

22.

State whether or not there was any mechanical defect with the subject tractor-trailer at the time the subject wreck. If so, please identify such defect and state whether and how you contend that this defect contributed to the cause of this wreck.

23.

If you have ever been a Defendant in a lawsuit involving personal injuries, identify the person(s) involved, give the style and number of the case, the nature of the litigation, and the court before which the suit was filed.

24.

Did you perform an investigation regarding the incident referred to in the Complaint? If there was an investigation made of the incident that forms the basis of this suit, please state whether you conducted such investigation in anticipation of litigation, and if so, state each fact of which

you were aware of at the time of the investigation that caused you to believe that you were conducting the investigation in anticipation of litigation. Please state the date(s) of the investigation and identify all documents associated with said investigation.

25.

Identify the persons who have attempted to survey or observe Plaintiff at any time after the collision forming the basis of Plaintiff's complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

26.

Is there any agreement between you and any other Defendant named in this lawsuit to cooperate, share information, documents, expenses or otherwise assist one another in the defense of this lawsuit? If so, identify each such agreement, identify all parties to it, describe the terms of such agreement, and identify every document evidencing or referring to such agreement.

27.

Identify and describe any obligation (1) you may have to provide a defense to any other party to the Plaintiff's claims asserted in this lawsuit, and (2) any other person may have to provide you with a defense to the Plaintiff's claims asserted in this lawsuit, and give the following information for each:

      a.  Identify every person who claims to have knowledge of any of such obligation, and identify what each person identified claims to know.

      b.  Identify each document and thing that relates to such obligation.

28.

Is there any agreement that may impose an obligation on you to pay indemnity or contribution to any other person or that may impose an obligation on any other person to pay indemnity or contribution to you, as a result of the Plaintiff's claims asserted in this lawsuit? If so, give the following information:

(a)   Identify each such agreement;

(b)   Identify all parties to the agreement;

(c)   State the terms of such agreement;

(d)   Identify every person who claims to have knowledge of such agreement and what each person claims to know; and

(e)   Identify every document evidencing or referring to such agreement.

29.

State your full name, address, date of birth, and social security number.

30.

If you have ever pled guilty to, pled *nolo contendere* to, or been convicted of any crime involving dishonesty, please identify each crime, the date of arrest, the court in which the criminal proceeding was held, and the disposition of each charge.

31.

List your present place of employment, address, job description, and all other places of employment during the past ten (10) years.

32.

State your educational background, including all schools, institutions, trade or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

33.

Please identify, including the website address, any Facebook page(s) (Facebook.com), LinkedIn page(s) (LinkedIn.com), Twitter pages (Twitter.com), or any other social media website or other blog/website which you either created, maintain, or operate.

This 1st day of July, 2020.

WILLIAMS ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 01, 2020 05:05 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                              )
                                          )
          Plaintiff,                      )
                                          )          CIVIL ACTION FILE
v.                                        )          NO. _____
                                          )
PEMBERTON TRUCK LINES, INC.,              )
MARK A. LUCAS, and CHEROKEE               )
INSURANCE COMPANY,                        )
                                          )
          Defendants.                     )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT CHEROKEE INSURANCE COMPANY

TO: DEFENDANT CHEROKEE INSURANCE COMPANY

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiff hereby requests Defendant respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Williams Elleby, 3450 Acworth Due West Road, Suite 610, Kennesaw, Georgia 30144.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or "place" or any reference to stating the "identity" of any "person" or "place" means to provide the name, home address, telephone number, business name, business address, and business telephone number, and a description of each such person's or place's connection with the events in question.

E. "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question

completely, the question should be answered as fully as possible.  When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G.  You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

### 1.

Please identify any witness, statement or other document relevant to the subject occurrence, Plaintiff's claims or any defense that is <u>not</u> already being identified or produced by your insured(s) in this action.

### 2.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint, or any facts which may relate to these issues.  Please supply any statutory authority where applicable.

### 3.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit:

    (a)     Name of each insurance company issuing policy;

    (b)     Applicable liability limits concerning each policy;

    (c)     Names of all persons and/or companies insured under each policy;

    (d)     Policy number of each policy;

(e)     Whether the defense of this action has been tendered to any such insurer;

(f)     Whether defense and liability/coverage have been accepted; and

(j)     Any reservation(s) of rights and specific basis for same.

4.

Please identify the following individuals as of the date of the occurrence and at present:

(a) Person(s) responsible for approving Defendant Lucas as a driver for purposes of

coverage; and

(b) Person(s) responsible for underwriting Defendant Pemberton Truck Lines and its

driver's safety records including Defendant Lucas.

5.

Please state whether this Defendant, its agents, or its representative obtained or obtains

information, from any private source or governmental agency, about the driving history, driving

violations, criminal violations, motor vehicle record, or other driving qualifications of the persons

this Defendant's insured hires or allows to drive trucks.  If so, please state, by job title, to which

employees this inquiry applies, from whom this information is obtained (including, but not limited

to any governmental agency or entity), and exactly what information is obtained or, as a matter of

policy, sought to be obtained.  Also, please state the same as to each person through which such

information was requested or obtained concerning the driver involved in the subject occurrence

and the dates upon which such information was obtained concerning the driver operating the truck

involved in the subject occurrence.

6.

Identify each document which supports or otherwise relates to your responses to any of

these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint,

stating as to each such document the contention which it supports or to which it otherwise relates, except that you need <u>not</u> identify documents already produced by your insured(s) in this action.

7.

To the extent your response to any of Plaintiff's First Requests for Admissions was anything other than an unqualified admission, please explain in detail the basis for such failure to admit, including identification of documents supporting such failure to admit.

This 1ˢᵗ day of July, 2020.

**WILLIAMS ELLEBY**

<u>/s/ Joel Williams</u>
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL   404/389-1035
FAX   770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

✎ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

20-A-2115

JUL 01, 2020 05:05 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

MILOS LALIC,                                  )
                                              )
        Plaintiff,                            )
                                              )        CIVIL ACTION FILE
v.                                            )        NO. _____
                                              )
PEMBERTON TRUCK LINES, INC.,                  )
MARK A. LUCAS, and CHEROKEE                   )
INSURANCE COMPANY,                            )
                                              )
        Defendants.                           )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

TO:     EACH DEFENDANT

        Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendants respond

separately in writing and under oath as provided by law, with a copy of the responses, documents,

and things being served upon the undersigned counsel of record for Plaintiff at Williams Elleby,

3450 Acworth Due West Road, Suite 610, Kennesaw, Georgia 30144.  Please include the text of

each question/request prior to each response.  Plaintiff will do the same in response to Defendants'

discovery requests.  To facilitate this, Plaintiff will also provide an electronic copy of this

discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

        A.  This request for production of documents and notice to produce shall be deemed

continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-10-26, *et

seq.*, so as to require Defendant to serve or produce upon all parties supplemental answers or

documents if Defendant or its attorneys obtain further information between the time the answers

are served and the time of trial.  Plaintiff also requests that Defendant produce the originals of each

document at trial and any deposition of Defendant or its agents or employees.

     B.   Each Request is addressed to the personal knowledge of the Defendant, as well as to

the knowledge and information of Defendant's attorneys, investigators, agents, employees, and

other representatives.  If Defendant is unable to comply with a Request completely, the Request

should be produced as fully as possible.  When a Request is directed to Defendant, the Request is

also directed to the aforementioned persons.  These Requests shall be deemed continuing, and you

are under a duty to seasonably supplement or amend a prior response.

     C.   "Person" means any natural person, corporation, partnership, association,

governmental entity, agency, group, organization, etc.

     D.   If a requested document is no longer in your possession, custody or control, please

identify the document with specificity.  If no such information exists to comply with a particular

Request, please state that fact.  Failure to state that fact will, when that fact is proven, result in an

abusive litigation claim.

     E.   If you object to part of a request, please identify any documents withheld.  If you

object to the scope or time period of the request, please answer the request for the scope or time

period you believe is appropriate.

     F.   If work product or privilege is claimed as to any document or any information

responsive to these requests, please identify the information or document(s) to which a privilege

is claimed with such particularity and in such a manner that the Court, and not defense counsel

unilaterally, may determine whether the document or information is indeed entitled to privileged

status.  To support a claim of privilege, for each responsive document to which a privilege is

claimed, provide a privilege log setting forth a general description of the document, the author of

the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, video, and other illustrations of any person, place, or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, and any other relevant event or thing which is the subject of this Complaint. If digital copies of photographs are available, please produce the digital photos.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, related in any way to the subject wreck in your control or obtained on your behalf, including but not limited to any statements made by Plaintiff to any Defendants or their agents.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

5.

3

The complete personnel file of Defendant Lucas including his driver qualification file.

6.

All maintenance and repair records on the tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

7.

Each document submitted by you or received from the police, the Federal Motor Carrier Safety Administration, the Department of Transportation, or any other governmental entity in the past 5 years.

8.

Any inspection records and all policies or procedures regarding the inspection and maintenance of the subject tractor and trailer.

9.

Any and all documents required to be maintained by the FMCSA, DOT/CFR regulations, or any state's motor vehicle laws, as it relates to the tractor-trailer at issue.

10.

Copies of all company policies and procedures pertaining to the operation of tractor trailers and any policies and procedures that in any way apply to, cover, or govern Defendant Lucas' employment.

11.

4

Copies of all work orders, invoices, bills of lading, daily loads, and/or work reports for July 27, 2018, as it relates to the drivers, Defendants, or trip which is the subject of this incident.

12.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

13.

The certificate of title and/or other proof of ownership for the subject tractor and trailer or dump truck involved in the incident forming the basis of Plaintiff's Complaint.

14.

Copies of all pre-trip inspection reports for the subject tractor-trailer for the months of June 2018 and July 2018.

15.

A copy of Defendant Lucas' cell phone records and bills which reflects any calls and text messages made or received on July 26, 2018 and July 27, 2018.

16.

Any and all documents generated or downloaded from any black box, Qualcomm, computer, or other electronic recording device on the tractor trailer at issue.

17.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the parties in connection with this occurrence.

18.

Each document submitted by you or received from the police or any other entity investigating this incident.

5

19.

Any document (receipts, credit card statement, bank statement, etc.) reflecting alcohol and/or drugs (prescription or otherwise) purchased or consumed by Defendant Lucas in the 24 hours preceding the subject incident.

20.

Copies of all post collision drug and alcohol testing performed on Defendant Lucas.

21.

Preserve and produce any documents and records reflecting any text messages, social media posts, tweets, or similar communications Defendant Lucas sent or received the day of the subject incident.

22.

Please produce a copy of Defendant Lucas' driver's license.

23.

Please produce any and all damage appraisals and repair invoices, regardless of whether repairs were actually made, for the tractor and trailer involved in the incident at issue.

24.

Please produce any and all documents that support your allegations, if any, that this Court lacks jurisdiction over you, that there has been insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon you.

25.

Please gather and produce all emails relating to or referencing, or in any way relevant, to any of the facts, people, witnesses, liability, damages, or other matters in any way related or

pertaining to the incident at issue in this case. This request does not seek any email communications between the Defendants and their attorneys. If you refuse to produce the emails requested, please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request *in camera* inspection, if needed.

26.

Please produce Defendant Lucas' complete employment file, including, but not limited to, all employment applications, resumes, paystubs, tax election forms, and W-2s.

27.

Any and all documents in any way pertaining to Defendant Lucas reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Defendant Lucas, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks prior to the subject wreck, and documents regarding the operation of Defendants' equipment.

28.

Copies of all work orders, daily loads and/or work reports for July 26, 2018 and July 27, 2018, as it relates to the driver, tractor-trailer, or trip which is the subject of this incident.

29.

Please provide all contract agreements or documents of any nature entered into between any Defendants.

30.

Please produce any interchange agreements regarding the tractor or trailer involved in this collision related to the trip at issue in this case.

31.

7

Please produce a copy of your carrier profile maintained in the Motor Carrier Management Information System.

31.

Please provide copies of all documents showing your BASIC measurements at any time in the three years before the wreck that is the subject of this lawsuit through one year after.

32.

Please provide copies of all documents and communications demonstrating that you ever took issue with any BASIC measurement or sought to have any data underlying any BASIC measurement corrected.

33.

Please provide copies of all communications of any kind related to any CSA intervention in the three years before the wreck that is the subject of this lawsuit through one year after.

34.

Please provide copies of all documents and data of any kind that you ever received through the pre-employment screening program regarding Defendant Lucas.

35.

Please provide copies of the electronic on-board recorder's log trail for the drivers' logs, showing the date of each entry in the recorder and the date of each change to the entry, for all logs produced for Defendant Lucas.

36.

Identify and produce any and all documents related to Defendant Lucas' daily logs for the day of the collision, and the one-month period preceding the collision, together with all material required by 49 C.F.R. §§ 396.8 and 395.15.

37.

8

Please produce the collision register maintained by you for the one year preceding this collision.

39.

Please produce all pre-trip inspection reports and the post-trip inspection reports completed for the trip involved in this lawsuit.

40.

Please produce or make available for inspection the tractor and trailer at issue in this litigation.

41.

Please provide each and every inspection report for the vehicles and trailer at issue prior to the subject incident.

42.

Please provide any and all applications you submitted for liability insurance that covers the incident at issue in this case.

43.

Please produced all video and photographs you have depicting Plaintiff that were taken at any time after July 27, 2018.

44.

Please produce any and all agreements between you and any other Defendant named in this lawsuit to cooperate, share information, documents, expenses or otherwise assist one another in the defense of this lawsuit.

45.

Please produce any and all correspondence you received in the previous five years from any governmental law enforcement authority or regulatory organization concerning tractor or

trailer safety issues, unsafe driving, citations, alleged and actual regulation violations, and inspections.

This 1ˢᵗ day of July, 2020.

WILLIAMS ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL   404/389-1035
FAX   770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

10

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 10, 2020 05:09 PM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MILOS LALIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 20-A-2115 |
| | ) | |
| PEMBERTON TRUCK LINES, INC., | ) | |
| MARK A. LUCAS, and CHEROKEE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE

COMES NOW Plaintiff in the above-styled case, and files the Sheriff's Entry of Service served upon Pemberton Truck Lines, Inc., attached hereto and incorporated herein.

The Clerk's docket should reflect that Pemberton Truck Lines, Inc. was served with a Summons, Complaint, Plaintiff's First Requests for Admission to Defendants, Plaintiff's First Continuing Interrogatories to Defendant Pemberton Truck Lines, Inc., Plaintiff's First Continuing Interrogatories to Defendant Mark A. Lucas, Plaintiff's First Continuing Interrogatories to Defendant Cherokee Insurance Company and Plaintiff's First Requests for Production of Documents to Defendants on July 7, 2020.

This 10th day of July, 2020.

WILLIAMS | ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar Number 365853
B. Chase Elleby
Georgia Bar Number 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    (404) 389-1035
FAX    (770) 693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MILOS LALIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 20-A-2115 |
| | ) | |
| PEMBERTON TRUCK LINES, INC., | ) | |
| MARK A. LUCAS, and CHEROKEE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing *Notice of Filing Sheriff's Entry of Service* with the Clerk of Court via the PeachCourt E-file system and to the following by depositing a copy of same in the United States Mail with adequate postage affixed to insure delivery, addressed as follows:

Pemberton Truck Lines, Inc.
Registered Agent: James Pemberton
2530 Mitchell Street
Knoxville, TN 37917

Mark A. Lucas
143 Golfcrest Lane
Oak Ridge, TN 37830

Cherokee Insurance Company
c/o Mark Dadabbo
34200 Mound Road
Sterling Heights, Michigan 48310

This 10th day of July, 2020.

Respectfully submitted,

**WILLIAMS | ELLBY**

/s/ Joel Williams
A. Joel Williams
Georgia Bar Number 365853
Attorney for Plaintiff

SHERIFF'S ENTRY OF SERVICE

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
20-A-2115

JUL 10, 2020 05:09 PM

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

Civil Action No. _____ 20-A-2115 _____

Superior Court ☐
State Court ☒
Juvenile Court ☐

Date Filed _____ 07/01/2020 _____

Georgia, _____ Cobb _____

Milos Lalic

Attorney's Address

Williams Elleby

Plaintiff

3450 Acworth Due West Road, Suite 610

VS.

Kennesaw, GA 30144

Pemberton Truck Lines, Inc., Mark Lucas, and

Name and Address of Party to Served

Cherokee Insurance Company

Pemberton Truck Lines, Inc.

Defendant

Registered Agent: James Pemberton

2530 Mitchell Street

Knoxville, TN 37917

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ Pemberton Truck Lines _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ 7 _____ day of _____ July _____, 20 20.

DEPUTY

STEVE MATTHEWS
BADGE #2613
KCSO

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 20, 2020 04:48 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MILOS LALIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 20-A-2115 |
| | ) | |
| PEMBERTON TRUCK LINES, INC., | ) | |
| MARK A. LUCAS, and CHEROKEE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff in the above-styled case, and files the Affidavit of Service served

upon Cherokee Insurance Company, attached hereto and incorporated herein. The Clerk's

docket should reflect that Cherokee Insurance Company was served by Jason Schmaus on July

10, 2020.

This 20th day of July, 2020.

WILLIAMS | ELLEBY

/s/ Joel Williams
A. Joel Williams
Georgia Bar Number 365853
B. Chase Elleby
Georgia Bar Number 185666
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL   (404) 389-1035
FAX   (770) 693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                              )
                                          )
        Plaintiff,                        )
                                          )        CIVIL ACTION FILE
v.                                        )        NO. 20-A-2115
                                          )
PEMBERTON TRUCK LINES, INC.,              )
MARK A. LUCAS, and CHEROKEE               )
INSURANCE COMPANY,                        )
                                          )
        Defendants.                       )

## CERTIFICATE OF SERVICE

        This is to certify that I have this day served a true and correct copy of the foregoing
*Notice of Filing Affidavit of Service* with the Clerk of Court via the PeachCourt E-file system
and to the following by depositing a copy of same in the United States Mail with adequate
postage affixed to insure delivery, addressed as follows:

Pemberton Truck Lines, Inc.
Registered Agent: James Pemberton
2530 Mitchell Street
Knoxville, TN 37917

Mark A. Lucas
143 Golfcrest Lane
Oak Ridge, TN 37830

Cherokee Insurance Company
c/o Mark Dadabbo
34200 Mound Road
Sterling Heights, MI 48310

This 20th day of July, 2020.

                                    Respectfully submitted,

                                    **WILLIAMS | ELLBY**

                                    /s/ Joel Williams
                                    A. Joel Williams
                                    Georgia Bar Number 365853
                                    Attorney for Plaintiff

**AFFIDAVIT OF SERVICE**

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

| Case:<br>20-A-2115 | Court:<br>Superior Court of Cobb County, GA | County:<br>Cobb | Job:<br>4671443 | JUL 20, 2020 04:48 PM |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>Milos Lalic | | Defendant / Respondent:<br>Pemberton Truck Lines Inc., et al; | | *Angie J. Davis* |
| | | | | Angie T. Davis, Clerk of State Court<br>Cobb County, Georgia |
| Received by:<br>Michigan Civil Process | | For:<br>Williams Elleby | | |
| To be served upon:<br>Cherokee Insurance Company | | | | |

I, Jason Schmaus, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Cherokee Insurance Company , 34200 Mound Rd, Sterling Heights, MI 48310

Manner of Service:   Authorized, Jul 10, 2020, 12:08 pm EDT

Documents:   Summons and Complaint

Additional Comments:
1) Successful Attempt: Jul 10, 2020, 12:08 pm EDT at 34200 Mound Rd, Sterling Heights, MI 48310 received by Chris Stidham- Security/Person in Charge.

_____                    7/13/2020
Jason Schmaus                                         Date

Michigan Civil Process
42815 Garfield Rd. Suite 208
Clinton Twp, MI 48038

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public
7-13-2020                          11-21-24
Date                          Commission Expires

CHRISTINA PUCKETT
Notary Public - State of Michigan
County of Macomb
My Commission Expires Nov 21, 2024
Acting in the County of _Macomb_

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

**JUL 24, 2020 02:44 PM**

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                )
                            )
        Plaintiff,           )
                            )        CIVIL ACTION FILE
v.                          )        NO. 20-A-2115
                            )
PEMBERTON TRUCK LINES, INC.,)
MARK A. LUCAS, and CHEROKEE )
INSURANCE COMPANY,          )
                            )
        Defendants.         )

## <u>NOTICE OF FILING AFFIDAVIT OF SERVICE</u>

COMES NOW Plaintiff in the above-styled case, and files the Affidavit of Service served

upon Mark A. Lucas, attached hereto and incorporated herein. The Clerk's docket should reflect

that Mark A. Lucas was served by Steven A Williams on July 23, 2020.

This 24th day of July, 2020.

                            **WILLIAMS | ELLEBY**

                            /s/ Joel Williams
                            A. Joel Williams
                            Georgia Bar Number 365853
                            B. Chase Elleby
                            Georgia Bar Number 185666
                            Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL   (404) 389-1035
FAX   (770) 693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MILOS LALIC,                                    )
                                                )
         Plaintiff,                             )
                                                )        CIVIL ACTION FILE
v.                                              )        NO. 20-A-2115
                                                )
PEMBERTON TRUCK LINES, INC.,                    )
MARK A. LUCAS, and CHEROKEE                     )
INSURANCE COMPANY,                              )
                                                )
         Defendants.                            )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing
*Notice of Filing Affidavit of Service* with the Clerk of Court via the PeachCourt E-file system
and to the following by depositing a copy of same in the United States Mail with adequate
postage affixed to insure delivery, addressed as follows:

Pemberton Truck Lines, Inc.
Registered Agent: James Pemberton
2530 Mitchell Street
Knoxville, TN 37917

Mark A. Lucas
143 Golfcrest Lane
Oak Ridge, TN 37830

Cherokee Insurance Company
c/o Mark Dadabbo
34200 Mound Road
Sterling Heights, MI 48310

This 24th day of July, 2020.

Respectfully submitted,

**WILLIAMS | ELLBY**

/s/ Joel Williams
A. Joel Williams
Georgia Bar Number 365853
Attorney for Plaintiff

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 24, 2020 02:44 PM

*Angie J. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

MILOS LALIC,

    Plaintiff,

v.

PEMBERTON TRUCK LINES, INC., )
MARK A. LUCAS, and CHEROKEE )
INSURANCE COMPANY,

    Defendants.

Case #: 20-A-2115

---

## AFFIDAVIT OF SERVICE – SERVICE OF PROCESS

---

I, Steven A. Williams, being duly sworn, depose and say: that I am over the age of 18 years and am not a party to this action, and that within the boundaries of the state where services were effectuated, I was authorized by law to perform said service.

I, Steven A. Williams, certify that on July 23, 2020, at 1:08 PM, I served a copy of the within Summons, Complaint, and Plaintiff's First Request For Admissions To Defendants, Plaintiff's First Continuing Interrogatories To Defendant Pemberton Truck Lines, Inc., Plaintiff's First Continuing Interrogatories To Defendant Mark A. Lucas, Plaintiff's First Continuing Interrogatories To Defendant Cherokee Insurance Company, and Plaintiff's First Request For Production Of Documents And Things To Defendants, received on July 21, 2020, upon the within named Mark A. Lucas in the following manner,

**(XX)  PERSONAL SERVICE:** Through Personal Delivery of each document, a true copy of the party named herein.

**(  )  SUBSTITUTE SERVICE:**

**(  )  POSTED SERVICE:**

Said service was effected at the following location: 691 Emory Valley Rd, Oak Ridge, TN 37830.

I, Steven A. Williams, describe the individual accepting service, Mark A. Lucas, as follows: Lucas is a Caucasian male, approximately 45 years of age, with brown hair. He stands approximately 6'0" tall and is of a heavy build.

I, Steven A. Williams, certify that my statements, contained within the foregoing affidavit are true, correct, and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Steven A. Williams* (signature)

Steven A. Williams (Process Server)
PO Box 4205
Oak Ridge, TN 37831
(865) 325-0500

Sworn and subscribed this _24th_ day of _July_, 2020

_Carla Taylor_ (signature)
Notary Public at Large

Commission Expires _1/27/23_

CARLA TAYLOR
STATE
OF
TENNESSEE
NOTARY
PUBLIC
ANDERSON COUNTY
My Commission Expires Jan. 29, 2023

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 31, 2020 10:43 AM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MILOS LALIC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 20-A-2115** |
| **PEMBERTON TRUCK LINES, INC.,** | § | |
| **MARK A. LUCAS, and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT PEMBERTON TRUCK LINES, INC.'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **PEMBERTON TRUCK LINES, INC.**, a Defendant in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

{Firm/297/00062/PLEADING/02647492.DOCX }

## FOURTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTH DEFENSE

To the extent applicable, and pending further investigation and discovery, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, assumption of the risk and avoidance of consequences.

## SEVENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## NINTH DEFENSE

This Defendant has not acted in bad faith, been stubbornly litigious or caused the Plaintiff unnecessary trouble and expense. Therefore, Plaintiff may not recover under O.C.G.A. § 13-6-11 from this Defendant.

## TENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted. *See* O.C.G.A. § 51-12-5.1(b); *see also Howard v. Alamo Corp.*, 216 Ga. App. 525, 525-526, 455 S.E.2d 308 (1995); *Troutman v. B.C.B. Co.*, 209 Ga. App. 166, 168, 433 S.E.2d 73 (1993); *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 122, 365 S.E.2d 827 (1988); *Hubbard v. Department of Transp.*, 256 Ga. App. 342, 568 S.E.2d 559 (2002).

## ELEVENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever. *See* O.C.G.A. § 51-12-5.1(b).

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## THIRTEENTH DEFENSE

Plaintiff fails to state a claim for negligent hiring, supervision, training, retention, entrustment or any other claim for direct negligence against Pemberton Truck Lines, Inc., upon which relief may be granted. *See Durben v. American Materials, Inc.*, 232 Ga. App. 750, 503 S.E.2d 618 (1998); *see also Bartja v. Nat. Union Fire Ins. Co.*, 218 Ga. App. 815, 463 S.E.2d 358 (1995).

## FOURTEENTH DEFENSE

As a Fourteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits that venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

5.

This Defendant admits the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits that venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

16.

This Defendant admits the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies any allegations of negligence and denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint, and all of its subparts.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore"

paragraph of Plaintiff's Complaint.

## FIFTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not

previously responded to.

WHEREFORE, having fully answered, Defendant PEMBERTON TRUCK LINES, INC.

prays that it be discharged without costs.

## A TRIAL BY JURY OF TWELVE IS DEMANDED.

This 31st day of July, 2020.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Defendant Mark A. Lucas and*
*Purported Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

MILOS LALIC,                          §
                                      §
        Plaintiff,                    §
                                      §        CIVIL ACTION
vs.                                   §
                                      §        FILE NO. 20-A-2115
PEMBERTON TRUCK LINES, INC.,          §
MARK A. LUCAS, and CHEROKEE           §
INSURANCE COMPANY,                    §
                                      §
        Defendants.                   §
                                      §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT PEMBERTON TRUCK LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system and will send e-mail notification of such filing to the following counsel of record:

A. Joel Williams, Esq.
B. Chase Elleby, Esq.
Williams | Elleby
3450 Acworth Due West Road, Suite 610
Kennesaw, GA  30144
*Counsel for Plaintiff*

This 31st day of July, 2020.

                        CRUSER, MITCHELL, NOVITZ,
                        SANCHEZ, GASTON & ZIMET, LLP


                        **JASON G. WYRICK**
                        Georgia Bar No. 143112
                        **CANDICE R. BRYANT**
                        Georgia Bar No. 807404
Meridian II, Suite 2000          **J. ROBB CRUSER**
275 Scientific Drive             Georgia Bar No. 199480
Peachtree Corners, GA  30092     *Attorneys for Defendants Pemberton Truck Lines,*
(404) 881-2622                   *Inc. and Defendant Mark A. Lucas and*
(404) 881-2630 – Facsimile       *Purported Cherokee Insurance Company*

{Firm/297/00062/PLEADING/02647492.DOCX }

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 31, 2020 10:43 AM

*Angie S. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**MILOS LALIC,**

    **Plaintiff,**

**vs.**

**PEMBERTON TRUCK LINES, INC.,
MARK A. LUCAS, and CHEROKEE
INSURANCE COMPANY,**

    **Defendants.**

§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION**

**FILE NO. 20-A-2115**

## <u>DEFENDANT MARK A. LUCAS' ANSWER AND</u>
## <u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>

COMES NOW **MARK A. LUCAS,** a Defendant in the above-styled civil action, and

files this Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), showing the

Court as follows:

### <u>FIRST DEFENSE</u>

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim

upon which relief can be granted.

### <u>SECOND DEFENSE</u>

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover

from this Defendant in any sum or manner whatsoever.

### <u>THIRD DEFENSE</u>

No act or omission of this Defendant caused or contributed to cause any damage alleged

to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in

any sum or manner whatsoever.

## FOURTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTH DEFENSE

To the extent applicable, and pending further investigation and discovery, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, assumption of the risk and avoidance of consequences.

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## NINTH DEFENSE

This Defendant has not acted in bad faith, been stubbornly litigious or caused the Plaintiff unnecessary trouble and expense.  Therefore, Plaintiff may not recover under O.C.G.A. § 13-6-11 from this Defendant.

## TENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.  *See* O.C.G.A. § 51-12-5.1(b); *see also Howard v. Alamo Corp.*, 216 Ga. App. 525, 525-526, 455

S.E.2d 308 (1995); *Troutman v. B.C.B. Co.*, 209 Ga. App. 166, 168, 433 S.E.2d 73 (1993);

*Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 122, 365 S.E.2d 827 (1988); *Hubbard v.*

*Department of Transp.*, 256 Ga. App. 342, 568 S.E.2d 559 (2002).

### ELEVENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful

misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise

the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not

entitled to recover punitive damages in any sum or manner whatsoever. *See* O.C.G.A. § 51-12-

5.1(b).

### TWELFTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United

States and the State of Georgia.

### THIRTEENTH DEFENSE

Plaintiff fails to state a claim for negligent hiring, supervision, training, retention,

entrustment or any other claim for direct negligence against Pemberton Truck Lines, Inc., upon

which relief may be granted. *See Durben v. American Materials, Inc.*, 232 Ga. App. 750, 503

S.E.2d 618 (1998); *see also Bartja v. Nat. Union Fire Ins. Co.*, 218 Ga. App. 815, 463 S.E.2d

358 (1995).

### FOURTEENTH DEFENSE

As a Fourteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's

Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant admits that venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

9.

This Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits that venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

16.

This Defendant admits the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies any allegations of negligence and denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies any negligence or liability and the remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint, and all of its subparts.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

## FIFTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant MARK A. LUCAS prays that he be discharged without costs.

## A TRIAL BY JURY OF TWELVE IS DEMANDED.

*[Signature contained on next page.]*

This 31st day of July, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Mark A. Lucas and Purported Defendant*
*Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

MILOS LALIC,                          §
                                      §
     Plaintiff,                    §
                                      §           **CIVIL ACTION**
vs.                                   §
                                      §           **FILE NO. 20-A-2115**
PEMBERTON TRUCK LINES, INC.,          §
MARK A. LUCAS, and CHEROKEE           §
INSURANCE COMPANY,                    §
                                      §
     Defendants.                   §
                                      §

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT MARK A. LUCAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system and will send e-mail notification of such filing to the following counsel of record:

A. Joel Williams, Esq.
B. Chase Elleby, Esq.
Williams | Elleby
3450 Acworth Due West Road, Suite 610
Kennesaw, GA  30144
*Counsel for Plaintiff*

This 31st day of July, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Mark A. Lucas and*
*Purported Defendant Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile

{Firm/297/00062/PLEADING/02645509.DOCX }

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 31, 2020 10:43 AM

*Angie J. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MILOS LALIC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 20-A-2115** |
| **PEMBERTON TRUCK LINES, INC.,** | § | |
| **MARK A. LUCAS, and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT CHEROKEE INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES BY
### SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **CHEROKEE INSURANCE COMPANY,** a purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff, and therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff, therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## FOURTH DEFENSE

The damages sought by way of Plaintiff's Complaint were the result of acts or omissions of individuals or entities over which this Defendant exercised no authority or control and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

This Defendant asserts that the matters in question, and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or the failure to act of persons or entities other than this Defendant.

## SIXTH DEFENSE

To the extent applicable, and pending further investigation and discovery, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, assumption of the risk and avoidance of consequences.

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## NINTH DEFENSE

This Defendant has not acted in bad faith, been stubbornly litigious or caused the Plaintiff unnecessary trouble and expense.  Therefore, Plaintiff may not recover under O.C.G.A. § 13-6-11 from this Defendant.

## TENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.  *See* O.C.G.A. § 51-12-5.1(b); *see also Howard v. Alamo Corp.*, 216 Ga. App. 525, 525-526, 455 S.E.2d 308 (1995); *Troutman v. B.C.B. Co.*, 209 Ga. App. 166, 168, 433 S.E.2d 73 (1993); *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 122, 365 S.E.2d 827 (1988); *Hubbard v. Department of Transp.*, 256 Ga. App. 342, 568 S.E.2d 559 (2002).

## ELEVENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.  *See* O.C.G.A. § 51-12-5.1(b).

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## THIRTEENTH DEFENSE

Plaintiff fails to state a claim for negligent hiring, supervision, training, retention, entrustment or any other claim for direct negligence against Pemberton Truck Lines, Inc., upon

which relief may be granted. *See Durben v. American Materials, Inc.*, 232 Ga. App. 750, 503 S.E.2d 618 (1998); *see also Bartja v. Nat. Union Fire Ins. Co.*, 218 Ga. App. 815, 463 S.E.2d 358 (1995).

## FOURTEENTH DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

## FIFTEENTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process.

## SIXTEENTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint for Damages upon this Defendant. Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

## EIGHTEENTH DEFENSE

Plaintiff's claim is barred due to laches.

## NINETEENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

## TWENTIETH DEFENSE

As a Twentieth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant denies that it is subject to the jurisdiction of this Court.  This Defendant admits that it provided at least one policy of liability insurance to Defendant Pemberton Truck Lines.  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

16.

This Defendant admits the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies any allegations of negligence and denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant admits the applicability of the doctrine of *respondeat superior* but denies

any negligence or liability and the remaining allegations of Paragraph 18 of Plaintiff's

Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's

Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's

Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's

Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's

Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's

Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's

Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint, and all of its subparts.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

## TWENTY-FIRST DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant CHEROKEE INSURANCE COMPANY prays that it be discharged without costs.

### A TRIAL BY JURY OF TWELVE IS DEMANDED.

This 31st day of July, 2020.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Defendant Mark A. Lucas and*
*Purported Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MILOS LALIC,** | § |
| | § |
| **Plaintiff,** | § |
| | §  **CIVIL ACTION** |
| **vs.** | § |
| | §  **FILE NO. 20-A-2115** |
| **PEMBERTON TRUCK LINES, INC.,** | § |
| **MARK A. LUCAS, and CHEROKEE** | § |
| **INSURANCE COMPANY,** | § |
| | § |
| **Defendants.** | § |
| | § |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system and will send e-mail notification of such filing to the following counsel of record:

A. Joel Williams, Esq.
B. Chase Elleby, Esq.
Williams | Elleby
3450 Acworth Due West Road, Suite 610
Kennesaw, GA  30144
*Counsel for Plaintiff*

This 31st day of July, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,
Inc. and Defendant Mark A. Lucas and
Purported Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile

{Firm/297/00062/PLEADING/02647582.DOCX }

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 31, 2020 10:43 AM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MILOS LALIC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 20-A-2115** |
| **PEMBERTON TRUCK LINES, INC.,** | § | |
| **MARK A. LUCAS, and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANTS PEMBERTON TRUCK LINES, INC. AND MARK A. LUCAS AND PURPORTED DEFENDANT CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **PEMBERTON TRUCK LINES, INC.** and **MARK A. LUCAS,**

Defendants in the above-styled civil action, and, **CHEROKEE INSURANCE COMPANY**

purported Defendant in the above-styled civil action, appearing specially and without waiving,

but specifically reserving all defenses arising from jurisdiction, service and process, and file this

Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which

states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 31st day of July, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Mark A. Lucas and*
*Purported Defendant Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **MILOS LALIC,** | § |
| | § |
| **Plaintiff,** | § |
| | § **CIVIL ACTION** |
| **vs.** | § |
| | § **FILE NO. 20-A-2115** |
| **PEMBERTON TRUCK LINES, INC.,** | § |
| **MARK A. LUCAS, and CHEROKEE** | § |
| **INSURANCE COMPANY,** | § |
| | § |
| **Defendants.** | § |
| | § |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS PEMBERTON TRUCK LINES, INC. AND MARK A. LUCAS AND PURPORTED DEFENDANT CHEROKEE INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the PeachCourt system and will send e-mail notification of such filing to the following counsel of record:

A. Joel Williams, Esq.
B. Chase Elleby, Esq.
Williams | Elleby
3450 Acworth Due West Road, Suite 610
Kennesaw, GA 30144
*Counsel for Plaintiff*

This 31st day of July, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Mark A. Lucas and*
*Purported Defendant Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 – Facsimile

{Firm/297/00062/PLEADING/02648060.DOCX }

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2115**

JUL 31, 2020 10:43 AM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MILOS LALIC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 20-A-2115** |
| **PEMBERTON TRUCK LINES, INC.,** | § | |
| **MARK A. LUCAS, and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this day served all counsel of record in this action with a copy

of the following:

1. **DEFENDANT PEMBERTON TRUCK LINES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS;**
2. **DEFENDANT MARK A. LUCAS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS;**
3. **PURPORTED DEFENDANT CHEROKEE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS**

by depositing a true and correct copy of the foregoing in the U.S. Mail, proper postage prepaid,

to:

A. Joel Williams, Esq.
B. Chase Elleby, Esq.
Williams | Elleby
3450 Acworth Due West Road, Suite 610
Kennesaw, GA  30144

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1(a), Filing of

Discovery Materials, the undersigned is responsible for service of the above document and

acknowledges that he/she is in possession of the original of the foregoing and the custodian

thereof, the same to be held in accordance with the foregoing statute.

This 31st day of July, 2020.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

JASON G. WYRICK
Georgia Bar No. 143112
CANDICE R. BRYANT
Georgia Bar No. 807404
J. ROBB CRUSER
Georgia Bar No. 199480
*Attorneys for Defendants Pemberton Truck Lines,*
*Inc. and Defendant Mark A. Lucas and*
*Purported Cherokee Insurance Company*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – Facsimile
jwyrick@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com